

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00427-CR

**JARVIS DWYANE TYSON,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 25638**

_____

# O R D E R

_____

According to information the Court has received, a judgment of conviction of Jarvis D. Tyson was rendered on September 30, 2013. His notice of appeal was due October 30, 2013. *See* TEX. R. APP. P. 26.2(a)(1).

Tyson prepared a notice of appeal and motion for extension of time to file his notice of appeal and mistakenly forwarded those documents to the First Court of Appeals on November 6, 2013. It appears those documents were returned to him and

he then forwarded those same documents to this Court on November 25, 2013. We received them on November 27, 2013 and they were filed on December 2, 2013.

Initially we note that neither the notice of appeal nor the motion for extension of time to file a notice of appeal contained proof of service. A copy of all documents presented to the Court must be served on all parties to the appeal and must contain proper proof of service. TEX. R. APP. P. 9.5. However, we use Rule 2 and dispense with this requirement, only for these documents, and provide copies of the notice of appeal and the motion for extension of time to file the notice of appeal to the State. *Id*. 2.

We next note that the motion and notice of appeal appear to be untimely filed. According to Rule 26.3, we may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party: (a) filed in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(d). TEX. R. APP. P. 26.3. The documents were received by us outside the 15 day period articulated in this Rule. They were, however, received within the 15 day period at the First Court of Appeals. Further, even though Tyson forwarded his notice of appeal to the court of appeals rather than the trial court, that mistake is not fatal to the timeliness of the notice of appeal. *See Id*. 25.2(c)(1) ("If the notice of appeal is received in the court of appeals, the clerk of that court shall immediately record on the notice the date that it was received and send the notice to the trial court clerk."). Thus, Tyson's notice of appeal was filed within 15 days after the date it was due when it was

received by the First Court of Appeals. We use this same logic and further hold that Tyson's motion for extension of time to file his notice of appeal was timely filed within 15 days after the date it was due when it was received by the First Court of Appeals.

Accordingly, Tyson's motion for extension of time to file his notice of appeal is granted and the time for filing his notice of appeal is extended to the date the notice was filed in the First Court of Appeals, that being November 6, 2013.

Lastly, we note that it appears Tyson was represented by counsel at his trial but is now pursuing his appeal without counsel. Accordingly, this case is abated to the trial court to hold a hearing within **35 days** from the date of this order to consider whether Tyson is indigent, whether trial counsel continues to represent Tyson on appeal, and if not, whether to appoint new counsel for Tyson. Supplemental Clerk's and Reporter's Records containing the trial court's written or oral findings and rulings are ordered to be filed within **49 days** from the date of this order.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Motion granted
Appeal abated
Order issued and filed December 19, 2013